Adam LYONS, a minor, and Robert Lyons and Diane Lyons, natural parents, and Robert Lyons and Diane Lyons, in their own right,

v.

PENN HILLS SCHOOL DISTRICT, Penn Hills Board of School Directors, Dr. Joseph Saeli, Superintendent, Penn Hills School District, Diane Page McKissick, Director of Secondary Education, Penn Hills School District, David Wilson, Principal, Linton Middle School and Kevin Bivins, Associate Principal, Linton Middle School, Appellants.

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1998.

Decided Jan. 8, 1999.

Reargument Denied Feb. 22, 1999.

**1074**

No appearance entered for appellants.

Marvin Miller, Pittsburgh, for appellees, Lyons.

Evalynn Welling, Pittsburgh, for intervenor, Education Law Center.

Before McGINLEY, J., FLAHERTY, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Penn Hills School District (District) appeals from the June 22, 1998 order of the Court of Common Pleas of Allegheny County (trial court) sustaining the appeal of Adam Lyons and his parents, Robert Lyons and Diane Lyons, from a decision of the Penn Hills Board of School Directors (Board). The Board's decision adopted a hearing officer's recommendation that Adam Lyons should be expelled from school for one year for a violation of the District's "zero tolerance policy." We affirm the trial court.

The following facts are summarized from the trial court's opinion. During the 1997–98 school year, twelve-year-old Adam Lyons was a seventh grade student at Linton Middle School. Lyons was an "A" student and a member of the chorus. On February 9, 1998, Lyons' instructor observed Lyons filing a fingernail with a miniature Swiss army knife he had found in a school hallway. The instructor requested Lyons to turn over the penknife and Lyons complied without incident. The knife was ultimately brought to the school's associate principal, who questioned Lyons about it. Lyons told the associate principal that he had found the knife and had intended to turn it over to his instructor.

By letter dated February 17, 1998, counsel for the District charged Lyons with possession of a weapon on February 9, 1998. The letter stated that Lyons' conduct violated the District's stated discipline code and weapons

policy and could result in his permanent expulsion from the school.

A hearing was held on February 23, 1998, before a Board-appointed hearing examiner, at which Lyons' instructor, the associate principal, and the District's director of secondary education testified, and Lyons and his parents participated. The director of secondary education stated that the District does not permit weapons of any type on campus or at school functions. She testified that the knife in question constitutes a weapon under the District's "zero tolerance policy" and thus, a one-year suspension was warranted. She also stated that the disciplinary determination did not involve consideration of a student's record.

The District presented a signed acknowledgement by Lyons that possession of a weapon at school was prohibited and would result in an expulsion of not less than one year. No information on the District's discipline code or weapons policy was sent directly to parents.[1]

Following the hearing, the hearing examiner concluded that Lyons' possession of the penknife violated the District's discipline code and weapons policy. The hearing examiner opined that expulsion was a harsh result in this case, but concluded that he had no discretion to make an exception to the District's policy and had no alternative but to recommend expulsion for one year. The Board unanimously adopted the hearing examiner's recommendation and notified Lyons of its decision by letter dated March 11, 1998.

Lyons filed a timely appeal to the trial court, arguing that the District had violated his substantive and procedural due process rights. The trial court found that, while the District's "zero tolerance policy" had been adopted by vote, it had never been reduced to writing.[2] The trial court also noted that, while Lyons had signed an acknowledgement of the District's weapons policy, his parents had not been informed of the policy or that

1. 22 Pa.Code 12.3 requires school district's to adopt a code of student conduct and distribute a copy of the same to students and parents.

2. This fact was elicited from the District's counsel at an April 28, 1998 status conference, when the trial court requested the District to supply it with a copy of the policy.

their son had signed an acknowledgement of it.

The trial court found that the District's unwritten "zero tolerance policy" failed to provide the superintendent with discretion to recommend a modification to the policy's one-year expulsion requirement for possession of a weapon. The trial court concluded that the Board disregarded the legislative mandate set forth in Section 1317.2 of the Public School Code of 1949 (School Code),[3] which provides that the superintendent of a school district may recommend modifications of expulsion requirements on a case-by-case basis. The trial court sustained Lyons' appeal, concluding that the policy was null and void on its face and could not be constitutionally applied.[4]

On appeal to this Court, the District argues that the policy adopted by the Board fully complies with Section 1317.2 of the School Code. In pertinent part, that section states as follows:

(a) Except as otherwise provided in this section, a school district or area vocational–technical school shall expel, for a period of not less than one year, any student who is determined to have brought onto or is in possession of a weapon on any school property, any school-sponsored activity or any public conveyance providing transportation to a school or school-sponsored activity.

(b) Every school district and area vocational-technical school shall develop a written policy regarding expulsions for possession of a weapon as required under this section. Expulsions shall be conducted pursuant to all applicable regulations.

(c) The superintendent of a school district or an administrative director of an area vocational-technical school may recommend modifications of such expulsion requirements for a student on a case-by-case basis.

24 P.S. §13–1317.2.

The District concedes that it has no written "zero tolerance policy." However, the District argues that Section 1317.2 of the School Code mandates that the Board expel a student who possesses a weapon on school property and that its policy comports with the act's requirements. The District further argues that the statute does not require a superintendent to recommend a modification of discipline, nor does it require the Board to follow the superintendent's recommendation. The District points out that the superintendent has a seat on the Board and a right to speak, but no right to vote.

The District also asserts that Lyons was not deprived of due process, because he had notice of the District's policy as well as a fair and formal hearing. The District contends that the Board's implementation of its policy was a matter committed by law to its discretion and cannot be interfered with unless its action was arbitrary or capricious.[5]

The District admittedly failed to comply with the requirement of Section 1317.2(b) of the School Code that it develop a written policy regarding expulsions of a weapon. More important, the District failed to provide its superintendent with the discretion to modify discipline that is granted to the superintendent by Section 1317.2(c) of the School Code. While the District's argument implies that the superintendent's participation in the adoption and implementation of school policy is minimal and without significance, the language of the statute reflects

---

**3.** Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §13–1317.2, added by Section 4 of the Act of June 30, 1995, P.L. 220.

**4.** In addition, the trial court opined that, had the District's policy been properly drafted, an exercise of discretion would have been warranted in this case. The trial court cited the uncontradicted evidence that Lyons was an exemplary student, the knife was found by Lyons at the school and not brought there by him, Lyons never openly displayed the knife, but merely used it to file a fingernail with the file contained therein, and he turned it over willingly when asked to do so. Noting that Lyons' parents were college gradu-

ates and gainfully employed; that Lyons' sister is enrolled in college, and that all family members regularly attend church, the trial court further opined that this is not a family where the parents condone criminal activity on the part of their children, nor are the children the type who typically engage in that sort of activity.

**5.** Section 510 of the School Code, 24 P.S. §5–510, provides that the school board may adopt and enforce reasonable rules and regulations as it may deem necessary and proper, regarding student conduct.

that the legislature recognizes otherwise. In addition, the District's argument contradicts the presumption that the legislature intends the entire statute to be given effect. Section 1922 of the Statutory Construction Act of 1972,1 Pa.C.S. §1922.

Clearly, the legislature recognized that circumstances could arise that would require an exception to be made to the mandatory expulsion provision of Section 1317.2. Thus, the legislature expressly authorized the superintendent of each school district to recommend a modification of that requirement on a case-by-case basis. Implicit in that grant of authority is a grant of permission to the Board to consider an alternative to expulsion based upon the recommendation of the District's superintendent.

A school board may not make rules which are outside their grant of authority from the General Assembly. 22 Pa.Code 12.3. We conclude that the Board exceeded its authority in adopting its "zero tolerance policy," which denies the superintendent, the Board and the students the exercise of discretion specifically provided by Section 1317.2 of the School Code and which frustrates the clear legislative intent that this statute not be blindly applied.

The District asserts that the trial court, in reaching its decision, impermissibly considered facts not of record, including the education and occupations of Lyons' parents and the family's religious practices. However, it is clear that the trial court's decision was based on its findings that, in adopting and implementing its "zero tolerance policy," the District failed to comply with the substantive and procedural requirements of Section 1317.2 of the School Code. Thus, we conclude that any reference to facts outside the record was harmless error.

Accordingly, the decision of the trial court is affirmed.

### ORDER

NOW, January 8, 1999, the order of the Court of Common Pleas of Allegheny County is affirmed.